UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BLAIR SMITH,

              Plaintiff,

   v.

UNITED STATES OF AMERICA,

              Defendant.

CASE NO. C21-5747-BHS-SKV

REPORT AND RECOMMENDATION

INTRODUCTION

Plaintiff Blair Smith pursues a claim under the Federal Tort Claims Act (FTCA) in this removed civil matter. Dkt. 1. Substituted Defendant United States of America now moves for summary judgment due to Plaintiff's failure to timely exhaust his administrative remedies. Dkt. 7. Plaintiff opposes the motion, asserting the applicability of equitable tolling. Dkt. 12. The Court, having considered the motion, opposition, associated documents, and the remainder of the record, concludes Defendant's Motion for Summary Judgment, Dkt. 7, should be GRANTED and this matter DISMISSED with prejudice.

BACKGROUND

On August 3, 2018, Plaintiff presented himself to Dr. Ryan Cordero at the Sea Mar Community Health Centers (Sea Mar) clinic in Lacey, Washington, seeking treatment for a fractured tooth. Dkt. 1-1. He alleges Dr. Cordero extracted the wrong tooth and left the fractured tooth untreated. Five days after the incident, Plaintiff signed a retainer agreement with counsel for representation in a dental malpractice claim. Dkt. 14, ¶2. On August 16, 2018, Plaintiff had the fractured tooth extracted at a different facility. *See id.*, Ex. J at 2.

Beginning in early September 2018 and continuing through November of that year, counsel for Plaintiff sent Sea Mar five requests for Plaintiff's dental and billing records. *Id.*, ¶¶3-4, Exs. A-F. Outside of an itemized billing ledger for the August 3rd appointment, Sea Mar did not provide any records. *Id.*, ¶5. Responding to a letter of representation, Sea Mar Senior Vice President Michael Leong noted Sea Mar required Plaintiff's consent for disclosure of any patient matter and preliminarily contested liability. *Id.*, ¶¶6-8, Exs. G-H.

Counsel for Plaintiff sent a demand letter to Mr. Leong dated January 7, 2019. *Id.*, ¶10, Ex. J. Several months later, counsel advised Mr. Leong of the intent to file suit in the absence of a response to the demand. *Id.*, ¶11, Ex. K. Mr. Leong, in an April 24, 2019 email, copied the content of a February 2019 letter responding to Plaintiff's demand. *Id.*, ¶12, Ex. K. Sea Mar denied liability and explained that Sea Mar and its dental providers are employees of the Public Health Service pursuant to the Federally Supported Health Centers Assistance Act of 1995 and entitled to liability protection under the FTCA, that any negligence claim must proceed under the FTCA exclusive of any other civil action or proceeding, and that the "claim must be presented first to the U.S. Public Health Services Claims Office under the administrative proceedings required by the FTCA." *Id.*, Ex. K.

|   |   |
|---|---|
| 1 | By May 29, 2019, Plaintiff had partially completed a Standard Form (SF) 95 tort claim |
| 2 | form. *Id.*, ¶13, Ex. L.  He also, on his own and as advised by counsel, repeatedly, but |
| 3 | unsuccessfully sought his records from Sea Mar. *Id.*, ¶15.  Due to the COVID-19 pandemic, |
| 4 | counsel's office transitioned to remote work on March 18, 2020, but continued to assist Plaintiff. |
| 5 | *Id.*, ¶¶17-21.  Plaintiff completed a SF 95 claim form on November 24, 2020 and it was received |
| 6 | by the United States Department of Health and Human Services (HHS) on December 7, 2020. |
| 7 | Dkt. 2-1, ¶4, Ex. A; Dkt. 14, Exs. N-O. |
| 8 | On July 16, 2021, Plaintiff filed suit in Thurston County Superior Court against Sea Mar |
| 9 | and Dr. Cordero for medical negligence, Dkt. 1-1, making no reference to their status as federal |
| 10 | employees.  On September 28, 2021, HHS advised that Plaintiff's claim had been denied and that |
| 11 | Plaintiff had six months to file suit in a federal district court.  Dkt. 14, Ex. U.  The United States, |
| 12 | in October 2021, removed the state court matter to this Court and substituted itself as Defendant |
| 13 | because Dr. Cordero was acting within the course and scope of his employment for Sea Mar at |
| 14 | the time of the incident.  Dkts. 1, 4. |

## DISCUSSION

A. <u>Legal Standard</u>

Summary judgment is appropriate when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The burden then shifts to the nonmoving party to establish a genuine issue of material fact.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986).  The Court must draw all

1 | reasonable inferences in favor of the nonmoving party. *Id*. However, the nonmoving party
2 | "cannot defeat summary judgment with allegations in the complaint, or with unsupported
3 | conjecture or conclusory statements." *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112
4 | (9th Cir. 2003).

5 | B.       Federal Tort Claims Act

6 | The United States is immune from suit for damages except where Congress has
7 | specifically waived its immunity. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). The FTCA
8 | contains a limited waiver of sovereign immunity. 28 U.S.C. § 1346(b). It provides federal
9 | district courts with exclusive jurisdiction over civil actions for damages against the United States
10 | for injuries caused by the negligent or wrongful conduct of its agents or employees acting within
11 | the scope of their employment to the extent that a private party would be liable under state law.
12 | 28 U.S.C. §§ 1346(b)(1), 2679(b)(1); *Millbrook v. United States*, 569 U.S. 50, 52 (2013).
13 | *Accord Terbush v. United States*, 516 F.3d 1125, 1129 (9th Cir. 2008).

14 | To bring a claim under the FTCA, a plaintiff must present an administrative tort claim to
15 | the appropriate federal agency within two years after the claim accrues. 28 U.S.C. §§ 2401(b),
16 | 2675(a). A medical malpractice claim accrues when a plaintiff is or should be aware of his or
17 | her injury and its immediate cause. *United States v. Kubrick*, 444 U.S. 111, 122 (1979); *Hensley*
18 | *v. United States*, 531 F.3d 1052, 1056-57 (9th Cir. 2008). "The plaintiff need not know who
19 | caused the injury or that the injury was caused by negligence in order for the claim to accrue."
20 | *Tunac v. United States*, 897 F.3d 1197 (9th Cir. 2018) (internal citations to *Dyniewicz v. United*
21 | *States*, 742 F.2d 484, 486 (9th Cir. 1984), and *Winter v. United States*, 244 F.3d 1088, 1090 (9th
22 | Cir. 2001)).

A claim is deemed presented when the plaintiff executes and presents a SF 95 or other written notification of an incident to the appropriate federal agency, accompanied by a claim for money damages in a sum certain. 28 C.F.R. § 14.2; *Bailey v. United States*, 642 F.2d 344, 346 (9th Cir. 1981). Absent compliance with this requirement, courts cannot entertain FTCA suits. *See Wiseman v. United States*, 976 F.2d 604, 605 (9th Cir. 1992). If not presented within two years, the "tort claim against the United States shall be forever barred." 28 U.S.C. § 2401(b). Also, a plaintiff may not institute a court action until after the administrative claim is denied, either actually or constructively by the agency's failure to act upon the claim within six months. *Jerves v. United States*, 966 F.2d 517, 518-19 (9th Cir. 1992); 28 U.S.C. § 2675(a). *See also Dyniewicz*, 742 F.2d at 485 ("A claim must be filed with the agency within two years of the claim's accrual and the claimant must file suit within six months of administrative denial of the claim. If either requirement is not met, suit will be time barred.").

In this case, Plaintiff's claim accrued on or shortly after the August 3, 2018 tooth extraction. His knowledge of the injury and its immediate cause is demonstrated by the fact he retained counsel five days after the extraction. Because Plaintiff's two-year statute of limitations for the filing of an administrative claim expired on or about August 3, 2020, his December 7, 2020 filing of a SF 95 claim form was not timely.

C.   Equitable Tolling

The doctrine of equitable tolling may save a time-barred FTCA claim. *United States v. Wong*, 575 U.S. 402, 420 (2015). To invoke the doctrine, a plaintiff must show that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way. *Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013), *aff'd and remanded sub nom. Wong*, 575 U.S. 402. *See also Holland v. Florida*, 560 U.S. 631, 649 (2010). Plaintiff bears the burden of

1 | showing equitable tolling is appropriate. *United States v. Marolf*, 173 F.3d 1213, 1218 n.3 (9th Cir. 1999) (citation omitted). The standard is very high, *Auguste-Lewis v. United States*, C12-1901-JLR, 2016 WL 1182152, at *3 (W.D. Wash. Mar. 28, 2016), and federal courts apply equitable tolling sparingly, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

A plaintiff must prove both of the equitable tolling components, as they are elements of a test, "not merely factors of indeterminate or commensurable weight." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 256-58 (2016) (equitable tolling did not apply because plaintiff failed to show extraordinary circumstances) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (although claimant satisfied the extraordinary circumstances test, he was not entitled to relief because he did not establish the requisite diligence)). The "diligence prong" relates to factors within the plaintiff's control. *Id*. at 256-57. Equitable tolling is not appropriate when "the litigant was responsible for its *own* delay." *Id*. at 257. The "extraordinary-circumstances prong," by contrast, relates to factors outside the litigant's control. *Id*. A party's own misunderstanding of law or a tactical litigation mistake is not sufficient. *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008). Likewise, ordinary neglect is not grounds for equitable tolling. *Irwin*, 498 U.S. at 96.

Plaintiff asserts both his diligence and extraordinary circumstances preventing his timely filing. That is, he promptly retained counsel, repeatedly requested his records, and continues to lack information vital to his claim. He asserts that, because he lacked his dental records, the SF 95 claim form partially completed by May 29, 2019 merely stated that the basis for his claim was "extraction of wrong tooth at dentist office and left a cracked tooth untreated at Sea Mar[.]" Dkt. 14, ¶14 & Ex. L. Plaintiff further maintains that the COVID-19 pandemic and the resulting office closures, delays, and logistical complications prevented the researching, investigating, and

timely filing of his claim. The Court, as discussed below, does not find these arguments to support equitable tolling.

The absence of Plaintiff's dental records does not explain or justify the late filing. In January 2019, some five months after the August 2018 tooth extraction, Plaintiff's counsel had enough information to articulate both the basis for Plaintiff's claim and claimed damages in a settlement demand letter. Dkt. 14, Ex. J. By April 2019, Plaintiff's counsel communicated an intention to file suit. *Id*., Ex. K. Plaintiff also partially completed a claim form as of May 29, 2019. *Id*., ¶13, Ex. L. That draft contains the same substantive content, including identical language explaining the basis for the claim, as the form ultimately filed. *See id*., Exs. L & N. It differs only in lacking the name and address of the appropriate agency, a signature, and a date. *See id*. While Plaintiff may have preferred to supplement the content of the form with information obtained from Sea Mar, it remains that he had more than a year after completing the initial draft to timely file his administrative claim and ultimately filed an almost identical document four months after his filing deadline had expired.

Nor is the Court persuaded that the COVID-19 pandemic presented extraordinary circumstances preventing Plaintiff's timely filing. As recently found by this Court, although a plaintiff may be able to show that circumstances related to COVID-19 are sufficiently "extraordinary" to trigger equitable tolling, "the COVID-19 pandemic does not automatically warrant equitable tolling for any [plaintiff] who seeks it on that basis, because the [plaintiff] must establish that he was pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his [claim]. *Garcia v. United States*, C21-0322-JLR, 2021 WL 3403540, at *2-3 (W.D. Wash. Aug. 4, 2021) (emphasis in original; quoted source omitted).

Plaintiff here broadly refers to the pandemic and the difficulties it imposed. He does not explain how those complications prevented his timely filing. He, in fact, shows that his counsel continued to work on his behalf despite the closure of counsel's office and a transition to remote work, and that Plaintiff had, but failed to file an almost complete claim form. S*ee* Dkt. 14, ¶¶18-21, Exs. L & N. He does not explain why a signed and dated claim form was not or could not have been filed between the time of the May 2019 draft and the August 2020 filing deadline.

Plaintiff does not, in sum, establish either the diligence or extraordinary circumstances necessary to justify the equitable tolling of the statute of limitations. Defendant is therefore entitled to dismissal of Plaintiff's time-barred claim on summary judgment.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment, Dkt. 7, should be GRANTED and this matter should be DISMISSED with prejudice.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 17, 2021**.

Dated this 1st day of December, 2021.

S. KATE VAUGHAN
United States Magistrate Judge